```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

Karen Teele Judson
as Personal Representative of the
Estate of Benjamin Frank Teele, Jr.,
deceased ,

               Plaintiff,

vs.                                     Case No.  3:06-cv-17-J-33HTS

Allstate Life Insurance Company,

               Defendant.
_____/

**ORDER**

     This cause comes before the Court pursuant to Judson's Motion for Leave to File Amended Expert Disclosure (Doc. #43), filed on December 29, 2006; and Allstate's Motion to Strike Affidavit of Bao T. Pham, M.D. (Doc. #42), filed on December 20, 2006. Allstate filed a response to Judson's motion (Doc. #45). Judson filed a response to Allstate's motion (Doc. #44). For the reasons stated below, Judson's motion is granted and Allstate's motion is denied.

**A. Motion to Amend**

    Judson requests permission to amend her expert disclosure list. Judson seeks to add Dr. Bao T. Pham to the list. Supporting her request, Judson identifies that the original discovery period, terminating January 31, 2007, has not elapsed. Judson further identifies that the parties have agreed to extend the discovery deadline to May 31, 2007.

Allstate argues that Judson had ample time to include Dr. Pham on the expert disclosure list. Allstate identifies that Dr. Pham was not disclosed as an expert until after Allstate filed its motion for summary judgment. Allstate argues that this failure to disclose runs afoul of the intended purpose of the disclosure rule, "to make certain that all parties are on notice of the individuals and evidence pertaining to case so that they can proceed accordingly." (Doc. #45 at 2.) Allstate further argues that Dr. Pham was retained for the sole purpose of trying to oppose Allstate's Motion.

Notwithstanding Allstate's arguments, the Court grants Judson's request. The Court recognizes the merit in Allstate's arguments regarding the underlying purpose of the disclosure rule. However, the decision to grant the request does not run afoul of this purpose. The trial term of this matter is presently set for August 2007. Moreover, the parties have stipulated to extend the discovery deadline to May 31, 2007, providing Allstate ample time to depose Pham and incorporate Pham into their litigation strategy. As such, the Court cannot find that granting Judson's request would result in a "prejudicial surprise." Schearbrook Land & Livestock Co. v. United States, 124 F.R.D. 221, 223 (M.D. Fla. 1988)("designation of expert witnesses outside the discovery period [constituted a] 'prejudicial surprise.'")(citing Sturgeon v.

Airborne Freight Corp., 778 F.2d 1154, 1156 & n.3 (5th Cir. 1985)). Based on the foregoing, the Court grants Judson's request.

**B. Motion to Strike**

Allstate claims that Dr. Pham's affidavit fails to comply with the requirements of Federal Rule of Civil Procedure 56(e),[1] as the affidavit is merely conclusory. As such, Allstate requests that the Court strike Dr. Pham's affidavit, which was filed in support of Judson's response to Allstate's motion for summary judgment. However, the motion to strike is not procedurally proper. Federal Rule of Civil Procedure 12(f) provides, in part, that "upon motion made by a party . . . or upon the court's own initiative at any

---

[1] Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

time, the court may order stricken from any <u>pleading</u> any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).  Affidavits are not pleadings.  Fed. R. Civ. P. 7 (defining pleadings as complaints, answers and replies to counterclaims).  As such, a motion to strike is not the proper method for challenging affidavits.  In <u>Inter-Tel, Inc. v. W. Coast Aircraft Eng'g</u>, the court provided:

> To object to the substance contained in a motion, the opposing party should raise such objections in the material it submits in opposition to the motion, rather than in a motion to strike. <u>Smith v. Southeastern Stages, Inc.</u>, 479 F. Supp. 593, 594-595 (N.D. Ga. 1977). The court can then consider and rule upon the objections when it decides whether to grant the motion. <u>Id.</u> at 595.

Case No. 8:04-cv-2224-T-17MSS, 2006 U.S. Dist. LEXIS 79895, *8-9 (M.D. Fla. November 1, 2006)(denying motion to strike affidavits filed in conjunction with motion for summary judgment); <u>see also</u> <u>Newsome v. Webster</u>, 843 F. Supp. 1460, 1464 (S.D. Ga. 1994)(finding inappropriate motion to strike affidavits).  The Court will address whether the affidavit satisfies Rule 56(e)'s requirements when the Court decides whether to grant the motion for summary judgment. For the foregoing reasons, the motion to strike is denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. The Motion for Leave to File Amended Expert Disclosure (Doc. #43) is **GRANTED.**

2. The Motion to Strike Affidavit of Bao T. Pham, M.D. (Doc. #42) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 5th day of January, 2007.

                                             _____
                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record